IN THE UNITED STATES DISTRICT COURT FOR TENNESSEE
FOR THE MIDDLE DISTRICT
NASHVILLE DIVISION

| | |
|---|---|
| DR. VANESSA GARCIA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-cv-00814 |
| | ) Jury Demand (6) |
| THE METROPOLITAN | ) |
| GOVERNMENT OF NASHVILLE AND | ) Judge Campbell |
| DAVIDSON COUNTY, TENNESSEE, | ) Magistrate Newbern |
| Defendant. | ) |

**PLAINTIFF'S BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE - III**

Comes the Plaintiff and hereby submits this Brief and Memorandum of Law in Support of Plaintiff's Motion in Limine - III to preclude the Defendant from offering any evidence or argument that Plaintiff engaged in wrongdoing. In its Amended Answer, Defendant asserted a seventh affirmative defense which states as follows:

**SEVENTH DEFENSE**

Defendant discovered during Plaintiff's deposition that she has destroyed material evidence to her claims. Specifically, after Plaintiff complained about Moreno Carrasco's behavior, she destroyed nearly all of her text messages between her and Moreno Carrasco. Thus, the "after-acquired" evidence doctrine applies, and Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

Defendant asserted that after Plaintiff's termination, Plaintiff obtained a new phone and all the text messages between her and Carrasco were deleted. Defendant claims that this is wrongdoing on Plaintiff's behalf. However, when Defendant was investigating Plaintiff's complaint of harassment against Mo Carrasco, Defendant did not request that any of the

individuals save their text messages. Further, it is believed that no other individual has been either fired or disciplined for the destruction of text messages with Mo Carrasco.

Defendant has not identified one witness who it claims will testify that Plaintiff would have been fired during the course of the investigation for destroying these text messages months after the investigation ended. (Ex. 1; Discovery Responses). If Defendant had wanted the text messages, they should have asked for them in the investigation. Michael Taylor, the investigator from the Metropolitan Government of Nashville, testified that he did not tell anyone that he needed the text messages between Carrasco and the various witnesses. Taylor testified he had enough information by a preponderance of the evidence without the text messages. He was not aware of anyone from Metro requesting the witnesses save their text messages. (Ex. 2; Taylor Depo. pp. 62-64).

To rely on the "after acquired evidence" doctrine, the Defendant "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge".*McKennon v. Nashville Banner Publ. Co.,* 513 U.S. 352, 362-363, 115 S.Ct. 879, 886-887 (1995). This is an impossible burden for Defendant to meet because it never requested the text messages from Plaintiff or requested the messages be saved.

Plaintiff respectfully requests that Defendant be precluded from making this argument or offering evidence as to this argument.

Respectfully Submitted,

s/Ann Buntin Steiner
Ann Buntin Steiner, #11697
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
Fax: (615) 256-8540
E-Mail: asteiner@steinerandsteiner.com

s/Heather Moore Collins (w/permission)
Anne Bennett Hunter (#022407)
Heather Moore Collins (#026099)
Collins & Hunter, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
(615) 724-1996
Fax: (615) 691-7019
E-Mail: heather@collinshunter.com
E-Mail: anne@collinshunter.com

*Attorneys for Plaintiff, Dr. Vanessa Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2019, a copy of Plaintiff's Brief and Memorandum of Law in Support of Plaintiff's Motion in Limine - III was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: Charles K. Grant, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Baker Donelson Center, 211 Commerce Street, Suite 800, Nashville, TN 37201, Sharonda Childs Fancher, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 1400 Wells Fargo Tower, 420 20th Street North, Birmingham, AL 35203, and Anne Bennett Hunter & Heather Moore Collins, Collins & Hunter, PLLC, 7000 Executive Center Drive, Suite 320, Brentwood, TN 37027. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Ann Buntin Steiner
Ann Buntin Steiner
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
(615) 244-5063