# IN THE UNITED STATES DISTRICT COURT FOR TENNESSEE
# FOR THE MIDDLE DISTRICT
# NASHVILLE DIVISION

| | |
|---|---|
| DR. VANESSA GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00814 |
| ) | Jury Demand (6) |
| THE METROPOLITAN ) | |
| GOVERNMENT OF NASHVILLE AND ) | Judge Campbell |
| DAVIDSON COUNTY, TENNESSEE, ) | Magistrate Newbern |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S BRIEF ON DAMAGES

Comes the Plaintiff, Dr. Vanessa Garcia, pursuant to the Order entered by the Court (D.E. 13) and submits this brief on damages. Plaintiff brought this action against Defendant under Title VII of The Civil Rights Act of 1964, 42 U.S.C.S. §2000(e) *et seq.* and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §4-21-101 *et seq.*, for subjecting Plaintiff to a sexually hostile work environment, retaliation and for violation of Tenn. Code Ann. §49-5-511. Damages for each violation are as follows:

**I.    Violation of Tenn. Code Ann. §49-5-511.** The Court has already determined Defendant violated this statute. Plaintiff believes the Court should decide the amount of damages owed because this amount is exact – the payment of the full salary and reinstatement. This is the same remedy afforded to tenured teachers wrongly dismissed for cause under Tenn. Code Ann. §49-5-511(a). "If vindicated or reinstated, the teacher shall be paid the full salary for the period during which the teacher was suspended. Tenn. Code Ann. §49-5-511(a)(3). *Kelley v. Shelby Cnty, Bd, of Educ.,* 198 F. Supp. 3d 842, 855-856 (W.D. Tenn. 2016). Plaintiff is entitled to reinstatement and payment of her full salary. *Bates v. Deal,* 728 S.W. 2d 326 (Tenn. 1987).

**II. Title VII and Tennessee Human Rights Act.**

**(a) Sexually Hostile Work Environment Claim.** *Compensatory Damages.* Both Title VII and the THRA allow for the award of compensatory damages. 42 U.S.C.A. §1981(a)(1) & *England v. Fleetguard, Inc.*, 878 F. Supp. 1058, 1061 (M.D. Tenn. 1995). Title VII allows compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. 42 U.S.C.S. §1981(a). Tennessee is worded the same. Tenn. Code Ann. §4-21-313[1]. Tennessee Jurisprudence provides as follows:

> *Civil Rights Violations.*-Violations of civil rights, where there are no actual damages, are often associated with dignitary wrongs, and substantial awards of compensatory damages are permitted. Once a civil rights violation is found, out-of-pocket expenses and damages for emotional distress are appropriate. "Distress" includes mental suffering and emotional anguish. Damages are recoverable for distress even though they are necessarily subjective. "Distress" is a personal injury familiar to the law, customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. Humiliation can be inferred from the circumstances as well as established by the testimony. 9 Tenn. Juris. DAMAGES § 15 (2019).

Back pay includes "the salary, including any raises, which plaintiff would have received but for the discrimination, as well as sick leave, vacation pay, pension benefits and other fringe benefits she would have received but for discrimination." *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996); 42 U.S.C. §1981a(b)(2) (incorporating 42 U.S.C. § 2000e-5(g)). The Sixth Circuit considers back pay "a presumptive entitlement of a plaintiff who successfully prosecutes an employment discrimination case." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1171 (6th Cir. 1996). Furthermore, upon a finding of unlawful discrimination under Title VII, back pay "should be denied only for reasons which, if applied generally, would not

---

[1] As stated by the Tennessee legislature in passing this statute, "the purpose of this act is to clarify existing Tennessee statutory employment law and to harmonize Tennessee law with federal law with regard to individual liability and damages caps in employment litigation". 2013 Bill Text TN H.B. 1954

frustrate the central statutory purpose of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975). Back pay is not subject to statutory caps. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 671 (6th Cir. 2003). Generally, the jury determines a plaintiff's entitlement to back pay as well as the amount. *Hall v. Consol. Freightways Corp.*, 337 F.3d 669, 679 (6th Cir. 2003). Back pay and damages for lost benefits are also available under the THRA. *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000).

Plaintiff does not need medical proof for emotional distress damages. "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." *Moorer v. Baptist Memorial Health Care Sys.*, 398 F.3d 469, 485 (6th Cir. 2005) (citation omitted).

This Defendant has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000. Under both Title VII and the THRA, compensatory damages are capped at $300,000.00. Tenn. Code Ann. § 4-21-313 & 42 U.S.C.A. 1981(a)(b)(3)(D). However, as set forth on page 5, under THRA Plaintiff may recover $300,000 for each cause of action.

**(b)    Retaliation Claim.**

*Compensatory Damages.* As set forth in the previous section, compensatory damages may be awarded under both Title VII and THRA.

*Title VII.* Reinstatement, back pay, front pay, pension benefits, attorney fees, prejudgment interest and other relief.

Under Title VII damages include the following:

> [T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may

3

include, but is not limited to, reinstatement or hiring of employees, with or without back pay … or any other equitable relief as the court deems appropriate. 42 USCS § 2000e-5.

If there is a finding of unlawful discrimination, "backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421-422, 95 S.Ct. 2362,2373 (1975).

The goal of Title VII is to "make whole" the injured party. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 419, 95 S. Ct. 2362, 2373.

> The provisions of this subsection are intended to give the courts wide discretion exercising their equitable powers to fashion the most complete relief possible. In dealing with the present section 706(g) the courts have stressed that the scope of relief under that section of the Act is intended to make the victims of unlawful discrimination whole, and that the attainment of this objective rests not only upon the elimination of the particular unlawful employment practice complained of, but also requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination." 118 Cong. Rec. 7168 (1972).
>
> As this makes clear, Congress' purpose in vesting a variety of "discretionary" powers in the courts was not to limit appellate review of trial courts, or to invite inconsistency and caprice, but rather to make possible the "fashion[ing] [of] the most complete relief possible."

*Albemarle Paper* at 422 U.S. 421, 95 S. Ct. 2362, 2373.

This "make whole" purpose extends to the payment of loss of pension benefits. "Backpay awards should completely redress the economic injury the claimant has suffered as a result of discrimination. A claimant, therefore, should receive the salary, including any raises, which he would have received but for discrimination. Sick leave, vacation pay, *pension benefits and other fringe benefits* the claimant would have received but for discrimination should also be

awarded." (Emphasis added). *Rasimas v. Michigan Dep't of Mental Health,* 714 F.2d 614, 626 (6th Cir. 1983). *Howe v. City of Akron,* 801 F. 3d 718, 744 (6th Cir. 2015).

Plaintiff is also entitled to an award of front pay. *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 83, 121 S. Ct. 1946, 1952 (2001). The court will determine the propriety of the award of front pay and the jury will decide the amount. *Arban v. West Publ'q Corp.*, 345 F. 3d 390, 406 (6th Cir. 2003). Here, reinstatement is not feasible because of the hostility between the parties and Plaintiff has found other work. "Reinstatement is not feasible in some cases such as where the plaintiff has found other work, where reinstatement would require displacement of a non-culpable employee, or where hostility would result". *Henry v. Lennox Industries, Inc.*, 768 F. 2d 746, 753 (6th Cir. 1985).

Pre-judgment interest is "an element of complete compensation." *West Virginia* v. *United States*, 479 U.S. 305, 310, 93 L. Ed. 2d 639, 107 S. Ct. 702 (1987). "The purpose of awarding pre-judgment interest under Title VII . . . is to compensate victims both for the time value of the lost money as well as for the effects of inflation." *United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998). "Discrimination victims should not be penalized for delays in the judicial process and discriminating employers should not benefit from such delays." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170. *Krystal Co. v. Caldwell*, 2012 U.S. Dist. LEXIS 33213 at 31.

Finally, as under THRA and Title VII, the court may award a reasonable attorney's fee as part of the costs. 42 U.S.C.A. §2000e-5(k *Pollard v. E.I. DuPont de Nemours Co.*, 213 F.3d 933, 944-45 (6th Cir. 2000), *rev'd on other grounds*, 532 U.S. 843 (2001); *Thurman*, 90 F.3d at 1169-70. The Court determines the amount. *Id.*

*THRA* – Injunction or restraining order, actual damages, front pay, loss of pension benefits, costs, attorney fees, and other remedies.

Tennessee law provides the same.

> … the court may issue any permanent or temporary injunction, temporary restraining order, or any other order and may award to the plaintiff actual damages sustained by such plaintiff, together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record, all of which shall be in addition to any other remedies contained in this chapter. Tenn. Code Ann. § 4-21-311.

Under the THRA, front pay is part of "actual damages". *Krause v. R.R. Donnelley & Sons Co.,* 1990 Tenn. App. LEXIS 141, p. 15 (Tenn. App. 1990).

**Caps on Damages for Multiple Causes of Action.** The Tennessee Human Rights Act (THRA) contains damage caps for the amount of compensatory damages; however, unlike under federal law, the caps apply for "any cause of action". Tenn. Code Ann. §4-21-313 provides as follows:

> For any cause of action arising under § 4-21-401, § 8-50-103, or § 50-1-304, the sum of the amount of compensatory damages awarded for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, shall not exceed, for each complaining party:
> …
> (6) In the case of an employer who has more than five hundred (500) employees at the time the cause of action arose, three hundred thousand dollars ($300,000).

Federal law uses a different language, using the phrase "[i]n an action brought by a complaining party…" 42 USCS §1981a. Tennessee's use of the term "cause of action" distinguishes itself from federal law and allows up to $300,000 for each cause of action.

Plaintiff has two separate causes of action under the THRA, one for a sexually hostile work environment and one for retaliation.

As recognized in Tennessee complaints of the THRA, retaliation and other causes of action are separate causes of action. *Whitmore v. Shelby County Gov't,* 2011 Tenn. App. LEXIS 445, at 2, 2011 WL 3558285. ("Plaintiff's complaint alleged several causes of action arising during her employment with the County from 2002-2003, including violation of workers' compensation laws,

violation of the THRA, violation of her medical privacy rights, and retaliation.") Likewise, the federal courts recognize that a discrimination claim and a retaliation claim constitute separate "causes of action". *Anderson v. URS Energy & Constr., Inc.,* 2016 U.S. Dist. LEXIS 79212, at 29, 2016 WL 3365786.(M.D. Tenn. 2016). *Wheeler v. Jackson Nat'l Life Ins. Co.*, 59 F. Supp. 3d 828, 834 ftnt. 2 (M.D. Tenn. 2016) (Plaintiff sued for causes of action alleging (1) FMLA violations (interference and retaliation), (2) disability discrimination under the TDA, (3) retaliation under Tennessee common law, the TPPA, and the TDA).

Each cause of action may be capped at $300,000.00, but Plaintiff may recover $300,000 for each cause of action for a total of $600,000.00.

Respectfully Submitted,

s/Ann Buntin Steiner
Ann Buntin Steiner, #11697
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
Fax: (615) 256-8540
E-Mail: asteiner@steinerandsteiner.com

s/Heather Moore Collins (w/permission)
Anne Bennett Hunter (#022407)
Heather Moore Collins (#026099)
Collins & Hunter, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
(615) 724-1996
Fax: (615) 691-7019
E-Mail: heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff, Dr. Vanessa Garcia*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on December 30, 2019, a copy of Plaintiff's Brief on Damages was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows: Charles K. Grant, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Baker Donelson Center, 211 Commerce Street, Suite 800, Nashville, TN 37201, Sharonda Childs Fancher, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 1400 Wells Fargo Tower, 420 20th Street North, Birmingham, AL 35203, and Anne Bennett Hunter & Heather Moore Collins, Collins & Hunter, PLLC, 7000 Executive Center Drive, Suite 320, Brentwood, TN 37027. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                            s/Ann Buntin Steiner
                                            Ann Buntin Steiner
                                            Steiner & Steiner, LLC
                                            613 Woodland Street
                                            Nashville, TN 37206
                                            (615) 244-5063