THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. VANESSA GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:18-cv-00814 |
| THE METROPOLITAN ) | JURY DEMANDED |
| GOVERNMENT OF NASHVILLE ) | |
| AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | Judge Campbell |
| ) | Magistrate Newbern |
| Defendant. ) | |

## DEFENDANT'S BRIEF ON DAMAGES

Pursuant to the Court's Order of November 9, 2018 (Doc. 13), Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Defendant" or "Metro") hereby submits its brief on damages. The Court has directed the parties to discuss the types of damages recoverable for each cause of action and, for each type of damages, whether the amount is determined by the Court or the jury. Assuming Plaintiff meets her burden of proof on liability, Metro submits that Plaintiff would be entitled to recover the following types of damages:

**A. Remedies Available Under Title VII**

Under Title VII, a plaintiff pursuing a claim against a governmental entity may recover claims for back pay, front pay, attorney's fees, and compensatory damages. 42 U.S.C. § 2000e-5. Punitive damages are not available against a governmental entity. *See Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir.1997) ("Congress amended Title VII in 1991 to permit punitive damages in Title VII actions. The amendment however specifically exempted governments, government agencies and political subdivisions."); *Mitchell v. Lockert*, No. CIV. 3:14-0570,

2014 WL 2618570, at *1 (M.D. Tenn. June 11, 2014), report and recommendation adopted, No. CIV. 3:14-0570, 2014 WL 3844762 (M.D. Tenn. Aug. 5, 2014) (Trauger, J.). (noting for Title VII claim, "Plaintiff cannot recover punitive damages from Defendants, a state government and a state government employee, as this recovery is explicitly prohibited by statute, 42 U.S.C. § 1981a(b)(1)").

1. **Back Pay.** A decision to award back pay is within the discretion of the trial court. *Christopher v. Stouder Memorial Hosp.*, 936 F.2d 870, 880 (6th Cir.), cert. denied, 112 S.Ct. 658 (1991); *Taylor v. Brennan*, No. 13-cv-2216, 2015 WL 3466272, at *1 (W.D. Tenn. June 1, 2015); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005). However, in Title VII cases where numerous types of monetary relief are sought, juries frequently determine back pay awards. *Rhoads v. F.D.I.C.*, 286 F. Supp. 2d 532, 538 (D. Md. 2003) (noting *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 540 (4th Cir. 2003)). Defendant does not object to the jury determining the amount of back pay, if any, in the instant matter.

The amount of a back pay award includes lost salary and other financial benefits to which plaintiff would have received but-for the retaliation. 42 U.S.C. § 20002e-5; *Taylor*, 2015 WL 3466272, at *1. To obtain back pay as to Plaintiff's hostile work environment claim, she must establish a causal connection between the alleged harassment and her separation from employment. *Thaman v. OhioHealth Corp.*, No. 2:03-CV-210, 2005 WL 8161362, at *9 (S.D. Ohio Nov. 29, 2005). *See also Mitchell v. OsAir, Inc.*, 629 F. Supp. 636, 644 (N.D. Ohio 1986) (concluding that, because the plaintiff's termination was unrelated to the sexual harassment she suffered, she could not be awarded back pay, front pay, or reinstatement). However, certain events will limit or even bar a back pay recovery. These events include a plaintiff's receipt of a higher-paying job or the failure by a plaintiff to seek comparable employment with reasonable

2

4835-8419-4224v1
2826592-000016 12/30/2019
Case 3:18-cv-00814    Document 132    Filed 12/30/19    Page 2 of 7 PageID #: 2700

diligence. *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624-25 (6th Cir. 1983). Additionally, if an employee suffers a willful loss of earnings, the employer's back pay liability is tolled. T*hurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) (citations omitted).

    **2.**    **Reinstatement or Front Pay.** Courts generally award front pay when reinstatement is inappropriate or infeasible. *Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996) (citations omitted); *Pollard v. E.I. du Pont do Nemours & Co.*, 532 U.S. 843, 846 (2001) (holding, in the context of a Title VII case, that "[i]n cases in which reinstatement is not viable…courts have ordered front pay as a substitute for reinstatement."). The remedies of reinstatement and front pay are alternative, rather than cumulative. *Id.* Determination of when to award front pay is within the discretion of the Court, and may be appropriate if "an award of back pay does not fully redress a Title VII plaintiff's injuries." *Garner v. Grenadier Lounge*, No. 06-13318, 2008 WL 2761158, at *3 (E.D. Mich. July 15, 2008) (citing *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir. 1985). Plaintiffs have a duty to mitigate an award of front pay. *Suggs*, 72 F.3d at 1234 (citing *Shore v. Federal Express Corp.*, 42 F.3d 373, 378 (6th Cir. 1994) ("Shore II"). The Court may, in its discretion, submit the issue of front pay to the jury after charging them on the factors outlined below. *Id.*; *Hoback v. City of Chattanooga*, No. 1:10-cv-74, 2012 WL 3834828, at *14 (E.D. Tenn. Sept. 4, 2012).

In determining whether front pay is appropriate, the Court should consider: "(1) the employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her obligation to mitigate her damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5)

3

4835-8419-4224v1
2826592-000016 12/30/2019

Case 3:18-cv-00814   Document 132   Filed 12/30/19   Page 3 of 7 PageID #: 2701

the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards. *Suggs*, 72 F.3d at 1234 (citations omitted).

Defendant requests that the Court decide the issue of reinstatement and front pay, if any, in the instant matter.

**3.     Compensatory Damages**.  Compensatory damages include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." 42 U.S.C. § 1981(b)(3); *Moore v. Kuka Welding Systems*, 171 F.3d 1073, 1082 (6th Cir. 1999). Damages for emotional distress must be proportional to the injury and supported by competent evidence of genuine injury. *Id.* A plaintiff may be entitled to recover for her non-economic damages, but she is not entitled to a windfall. *Garner*, 2008 WL 2761158, at *4.

Plaintiff's entitlement to and the amount of compensatory damages are questions for the jury. 42 U.S.C. § 1981 (a)(c)(l); *Reagan v. City of Knoxville*, 692 F. Supp. 2d 891, 911 (E.D. Tenn. 2010). However, the Plaintiff's maximum potential recovery of compensatory and punitive damages combined is capped at $300,000. *See* 42 U.S.C. § 1981a(b)(3); *Equal Employment Opportunity Commission v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 516 (6th Cir. 2001). In a jury trial, the Court shall not inform the jury of this statutory cap. *See* 42 U.S.C. § 1981a(c).

**4.     Attorney's Fees**.  Reasonable attorney's fees are available to the "prevailing party." Such fees are awarded at the Court's discretion. *See* 42 U.S.C. § 12205.

**B. Remedies Available Under the THRA**

The damages available to prevailing employees under the THRA include back pay, front pay, reasonable attorneys' fees, and compensatory damages. T.C.A. § 4-21-306. Under the THRA, Plaintiff's compensatory damages are capped at $300,000. Tenn. Code Ann. § 4-21-313.

4

4835-8419-4224v1
2826592-000016 12/30/2019

Case 3:18-cv-00814   Document 132   Filed 12/30/19   Page 4 of 7 PageID #: 2702

Although it appears Plaintiff is not making a claim for punitive damages, even if she had, punitive damages are not available under the THRA. *Thomas v. Allen-Stone Boxes, Inc.*, 925 F. Supp. 1316, 1319 (W.D. Tenn. 1995); T.C.A § 4-21-701. Additionally, to the extent Plaintiff's claims fall under both Title VII and the THRA, "[a] plaintiff who is successful on state and federal claims based on the same conduct is not entitled to a double recovery." A*yala v. Summit Constructors, Inc.*, 788 F. Supp. 2d 703, 723 (M.D. Tenn. 2011) (Nixon, J.) (citing *Braley v. City of Pontiac*, 906 F.2d 220, 224 (6th Cir.1990)).

**C. Remedies Available Under the Teacher Tenure Act**

Previously, courts held that backpay and reinstatement were the remedies available for a violation of Tenn. Code Ann. § 49-5-511(b)(1). This analysis was based on case law holding that the remedies available in § 49-5-511(a)(3) also applied to violations of § 49-5-511(b)(1). *See Kelley v. Shelby Cty. Bd. of Educ.*, 198 F. Supp. 3d 842, 855 (W.D. Tenn. 2016). However, Defendant notes that there appears to be a split of authority as to whether a violation of § 49-5-511(b)(1) entitles a plaintiff to backpay. Indeed, a district court in the United States District Court for the Western District of Tennessee has recently certified the question to the Supreme Court of Tennessee. *Williams v. Shelby Cnty. Bd. of Ed.*, 2019 WL 4394761, at *6 (W.D. Tenn. Sept. 13, 2019) (certifying the question whether: "a teacher whose position was abolished and who was terminated from her employment with the school system due to a reduction in force under the provisions of Tennessee Code Annotated § 49-5-511(b)(1)–(3) [is] entitled to back pay damages when the school board fails to act as the final decision–maker on her termination as required by § 49-5-511(b)(1) . . . .") (attached hereto as **Exhibit A**).[1] The issue is currently

---

[1] Defendant notes that Plaintiff cites to the *Kelly* case for the proposition that she is entitled to backpay under the Teacher Tenure Act. *Kelly*, however, was decided in 2016 and predates the case law Defendant has cited demonstrating a split of authority on the issue.

5

pending before the Tennessee Supreme Court. (*See* **Exhibit B**, Notice of Briefing Schedule pursuant to Certification Order filed in the Supreme Court of Tennessee and Tennessee State Courts Case Overview).

        Respectfully submitted,

        s/ *Charles K. Grant*
        Charles K. Grant, BPR No. 17081
        Sharonda Fancher (admitted *pro hac vice*)
        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC
        Baker Donelson Center
        211 Commerce Street, Suite 800
        Nashville, TN 37201
        Telephone: (615) 726-5600
        Facsimile: (615) 726-0464
        E-Mail: cgrant@bakerdonelson.com
        E-Mail: sfancher@bakerdonelson.com

        *Attorneys for Defendant Metropolitan Government of Nashville and Davidson County, Tennessee*

# CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, a copy of the foregoing *Defendant's Brief on Damages* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Ann Buntin Steiner
>Steiner & Steiner, LLC
>613 Woodland Street
>Nashville, TN 37206
>Tel.: (615) 244-5063
>Fax: (615) 256-8540
>asteiner@steinerandsteiner.com
>
>Heather M. Collins
>Anne Hunter
>Collins & Hunter, PLLC
>7000 Executive Center Drive
>Building Two, Suite 320
>Brentwood, TN 37027
>heather@collinshunter.com
>
>*Attorneys for Plaintiff, Dr. Vanessa Garcia*

s/ *Charles K. Grant*
Charles K. Grant